UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>        Plaintiff,<br><br>  v.<br><br>JOHN HO CHAN,<br><br>        Defendant. | No.  2:14-cv-01671-JAM-EFB<br><br>**ORDER AWARDING FEES AND EXPENSES** |

Plaintiff Scott Johnson ("Plaintiff") sued Defendant John Ho Chan ("Defendant"), alleging that Defendant's restaurant in Stockton, California did not comply with the Americans with Disabilities Act ("ADA") and California law (Doc. #1). The parties settled the case on January 26, 2016 (Doc. #9). Plaintiff moves for an award of fees (Doc. #11), which Defendant opposes (Doc. #13).[1]

///

///

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for July 19, 2016.

1

I.   OPINION

A prevailing party is entitled to reasonable attorneys' fees and expenses under both the ADA and the Unruh Act.  42 U.S.C. § 12205; Cal. Civ. Code § 52(a).  "A plaintiff who enters into a legally enforceable settlement agreement is considered a prevailing party."  Johnson v. Iqbal, 2016 WL 3407773, at *1 (E.D. Cal. Jun. 21, 2016).  To determine a reasonable fee, courts calculate "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

A.   Hours Reasonably Expended

Plaintiff submitted a billing summary itemizing the hours expended by attorneys Mark Potter, Phyl Grace, Amanda Lockhart, Isabel Masanque, and Christina Sosa.  Billing Summary (Doc. #11-3) at 1.  Plaintiff's motion requests $11,970 in fees and costs, but his reply reduces the request to $9,870.  Mot. for Attorney Fees ("Mot.") at 16; Reply at 5.

Defendant challenges specific billing entries and the amount of attorneys' fees requested as a whole.  Defendant first argues that Plaintiff is not entitled to the fees requested because "[t]his is an assembly line produced case employing boiler plate forms."  Opp. at 2.  Defendant also notes that the defense attorneys' fees for litigating the case total slightly over $4,000.  Id.

The Court agrees with Defendant that it is unreasonable to expend nearly $10,000 worth of work in this non-complex, relatively undisputed ADA case, a type of case in which Plaintiff's attorneys' have extensive experience.  First, the

Court finds it both unreasonable and inefficient to staff five attorneys on a case which is very similar to hundreds of other cases these attorneys have brought on behalf of Plaintiff. Second, nearly half of the billing entries on the Billing Summary include the notation "reviewed case file."  If only one or two attorneys had worked on this case, rather than five, the attorneys would have had to spend less time "review[ing] the case file."  The Billing Summary indicates that Ms. Grace and Ms. Masanque in particular "reviewed [the] case file" in well over half of their respective billing entries.  The Court will reduce the amount of attorneys' fees requested because of such inefficiencies and unnecessary duplicative work.

    Furthermore, the Court agrees with Defendant that Plaintiff's attorneys largely use boilerplate forms to litigate ADA cases.  Mr. Potter's use of boilerplate language in this case is reflected in the fact that the "Hourly Rates" section of Plaintiff's motion for attorneys' fees states that Mr. Price bills at $200 per hour.  Mot. at 3.  According to the Billing Statement, however, Mr. Price never worked on this case. Additionally, Plaintiff does not indicate in his motion the billing rates of Ms. Sosa and Ms. Masanque, two attorneys who actually did work on the case.  See id.  It appears that Mr. Potter forgot to remove Mr. Price's name from this particular fee motion and replace it with Ms. Masanque and Ms. Sosa's names. Plaintiff also left out any information about Ms. Masanque to aid the Court in determining a reasonable billing rate for her. Accordingly, no fees will be awarded for any work performed by Ms. Masanque.

1    The boilerplate nature of the filings in this case indicate
2 that it should have taken Mr. Potter little time to draft the
3 complaint, discovery requests, and attorneys' fees motion.  The
4 Court thus reduces Mr. Potter's 5/30/2016 entry for drafting the
5 complaint from 0.7 to 0.3 hours, 11/6/2014 entry for drafting
6 discovery from 1 hour to 0.5 hours, and 5/17/2016 entry for
7 drafting the fee motion from 1.6 to 0.5 hours.
8    Next, Defendant specifically contests the following billing
9 entries:
10         1.   Mr. Potter's 5/6/2014 Entry
11    Defendant argues that Mr. Potter's billing entry of 0.9
12 hours on 5/6/2014 for "[d]iscussions with client" is unreasonable
13 because "the allegations [in the complaint] are word for word
14 identical to hundreds of other cases brought by this firm for
15 Scott Johnson."  Opp. at 2.  Given that the complaint in this
16 case is nearly identical to dozens of other complaints brought by
17 Plaintiff in this court, the Court finds Defendant's argument
18 meritorious.  The Court reduces the 5/6/2014 entry to 0.3 hours.
19         2.   Mr. Potter's 5/6/2014 and 5/16/2014 Entries
20    On 5/6/2014 Mr. Potter billed one hour for visiting the
21 site, assessing the allegations, and emailing the investigator
22 about photographs.  See Billing Summary at 2.  On 5/16/2014 Mr.
23 Potter billed 0.7 hours for reviewing the investigator's report
24 and speaking to the investigator on the phone.  Id.  Defendant
25 implies that these two billing entries are unreasonable because
26 Mr. Potter instructed the investigator on how to take the
27 photographs "rather than just taking them himself."  Opp. at 2.
28 Defendant also implies that it was unreasonable for Mr. Potter to

4

"discuss the photos [of] the area that Mr. Potter had already inspected." Id. at 3.

As to Mr. Potter's entry of one hour for a visit to the site, Mr. Potter states that he "conducted a site assessment to determine whether there was even good cause" for Plaintiff to bring his case. Reply at 4. Mr. Potter also states that he did not bill any time for his travel from San Diego to Modesto. Id. at 3. The Court finds that Mr. Potter's entry of one hour to assess the site is reasonable. The Court also finds that it was reasonable for Mr. Potter to hire an investigator to take pictures and to discuss such pictures with the investigator for less than one hour. The Court will award fees to Plaintiff for Mr. Potter's 5/6/2014 and 5/16/2014 billing entries.

### 3. Discovery Costs

Next, Defendant argues that the discovery costs in this case are unreasonable because "[e]xcept for the names, locations, and dates, [the discovery requests] are similar to many other such requests and involve no special drafting." Opp. at 3. The Court agrees. Mr. Potter billed one hour for drafting discovery, Ms. Lockhart billed 0.5 hours for drafting Plaintiff's initial disclosures, and Ms. Masanque billed 0.5 hours for drafting "RFPD set 2." Billing Summary at 2, 5, 6. The Court finds it unreasonable for the Center for Disability Access to have used three attorneys to make slight edits to discovery requests that the Center for Disability Access uses frequently. The Court therefore declines to award fees for the 0.5 hours billed by each Ms. Masanque and Ms. Lockhart for drafting discovery.

///

### 4. Ms. Masanque's Entries for Scheduling of Site Inspection

Defendant next challenges Ms. Masanque's billing entries regarding scheduling an expert inspection of the site. Opp. at 3. Defendant's counsel notes that he "seeks no charges for having to reschedule the inspection, all of which was performed by an assistant." Opp. at 3. Plaintiff argues that "emails and communications regarding the scheduling of the site inspection are not improper work or unreasonable billing." Reply at 5.

Upon review of Ms. Masanque's billing entries, the Court finds that the entries regarding scheduling the site inspection could have been completed by an administrative assistant and that it is not reasonable for Ms. Masanque to bill twelve to thirty minutes each time she instructed her assistant to send an email rescheduling the site inspection. As noted above, the Court further declines to award any fees for work performed by Ms. Masanque due to Plaintiff's failure to provide the necessary information regarding her hourly billing rate.

### 5. Mr. Potter's Entry for Plaintiff's Reply

Mr. Potter billed an estimated eight hours for "reviewing opposition, drafting reply brief, and attending oral argument." Billing Statement at 2. The reply indicates that "Plaintiff's counsel . . . only expended 2 hours drafting this reply brief." Reply at 5. The Court therefore reduces the hours Mr. Potter billed by an additional 6 hours.

### B. Reasonable Hourly Rate

The Court must now multiply the reasonable hours expended in this litigation by the reasonable hourly rate for each attorney.

6

See Johnson v. Gross, 2016 WL 3448247, at *2 (E.D. Cal. Jun. 23, 2016). Courts determine reasonable hourly rates by looking to the "prevailing market rates in the relevant community." Id. (citing Blum v. Stenson, 465 U.S. 866, 895 (1984)). "The burden is on the party seeking fees to produce satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Gross, 2016 WL 3448247, at *2 (internal citations and quotation marks omitted).

Plaintiff seeks hourly rates of $350 for Mr. Potter, $250 for Ms. Grace, and $200 for Ms. Lockhart, and Ms. Sosa. Mot. at 3-4; Billing Summary at 2-8. Other judges in the Eastern District of California have found the hourly rates of $300 for Mr. Potter, $250 for Ms. Grace, and $150 for junior associates reasonable for disability access cases in the Sacramento legal community. Gross, 2016 WL 3448247, at *2; see also Johnson v. Lin, 2016 WL 1267830, at *4 (E.D. Cal. Mar. 31, 2016).

Accordingly, the attorneys' fees in this case are awarded as follows:

| **Potter** | 9.2 | x | $300 | = | $2,760.00 |
|---|---|---|---|---|---|
| **Grace** | 5 | x | $250 | = | $1,250.00 |
| **Lockhart** | 4.7 | x | $150 | = | $705.00 |
| **Sosa** | 1.3 | x | $150 | = | $195.00 |
| | | | | = | $4,910.00 |

///

///

7

Lastly, the Court grants Plaintiff's motion to recover $620 in litigation expenses.

## II.   ORDER

For the reasons set forth above, Plaintiff's motion for attorneys' fees and expenses is GRANTED.  The Court awards $5,530.

IT IS SO ORDERED.

Dated: August 15, 2016

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE